**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0101n.06

No. 14-1665

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 03, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| PATRICK DESHAWN SEYMOUR, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: COLE, Chief Judge; MOORE and CLAY, Circuit Judges.

PER CURIAM. Patrick Deshawn Seymour appeals his sentence.

Seymour pleaded guilty to possessing with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). The district court determined that Seymour was a career offender and that, based on his total offense level of 29 and his criminal history category of VI, his guidelines range of imprisonment was 151 to 188 months. The court sentenced Seymour to 151 months in prison.

On appeal, Seymour argues that his sentence is substantively unreasonable because the district court placed undue weight on the need to protect the public from his future crimes. Seymour contends that the district court should have concluded that he was unlikely to reoffend based on his non-violent criminal history and his commitment to overcoming his drug addiction.

We review sentences under a deferential abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component. *United States v. Studabaker*,

578 F.3d 423, 430 (6th Cir. 2009). A sentence is substantively unreasonable if the district court selects the sentence arbitrarily or gives unreasonable weight to any relevant sentencing factor. *United States v. Zobel*, 696 F.3d 558, 569 (6th Cir. 2012). We apply a rebuttable presumption of substantive reasonableness to a within-guidelines sentence. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Before imposing the sentence, the district court thoroughly discussed the relevant sentencing factors, including the seriousness of the offense, Seymour's difficult upbringing and personal circumstances, his extensive criminal history and likelihood to recidivate, and the need to provide just punishment, promote respect for the law, and afford adequate deterrence. The district court reasonably concluded that Seymour had a significant risk to reoffend based on his history of criminal activity, and the record does not reflect that the court placed undue weight on the need to protect the public. Thus, Seymour has not overcome the presumption that his within-guidelines sentence is substantively reasonable.

Accordingly, we affirm Seymour's sentence.